J-A07045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH VELEZ | : | |
| | : | |
| Appellant | : | No. 1558 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 16, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003579-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH VELEZ | : | |
| | : | |
| Appellant | : | No. 1559 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 16, 2021
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003580-2020

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED JULY 5, 2022**

Appellant, Joseph Velez, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his negotiated guilty plea to three counts of robbery at CP-39-CR-0003579-2020 ("docket 3579-2020"), and one count of possession of a controlled substance at CP-39-CR-

J-A07045-22

0003580-2020 ("docket 3580-2020").[1] We affirm and grant counsel's petition

to withdraw.

In its opinion, the trial court set forth the relevant facts and procedural

history of this case as follows.

> On November 9, 2019, at approximately 8:52 p.m., police responded to 1038 Walnut Street, Allentown, Lehigh County, Pennsylvania for a report of an armed robbery. The victim was a pizza deliverer for Domino's Pizza. The victim told officers that when he arrived at the address, he called the number from which the order was placed several times but no one answered. When he exited his vehicle, two males approached him. One brandished a handgun and instructed him not to move. The man with the handgun took the victim's iPhone. While this was occurring, the other male rummaged through the victim's vehicle. The two men also took the food that the victim was delivering.
>
> On November 18, 2019, at approximately 9:45 p.m., officers responded to 901 Tilghman Street, Allentown, Lehigh County, Pennsylvania where they met with a female victim of an armed robbery. The victim was a pizza deliverer for Little John's. She indicated that the robbery occurred at 426 North Church Street, Allentown, Lehigh County. The victim stated she was pistol whipped and her cell phone was stolen. Police observed blood droplets on the sidewalk and steps at that location.
>
> A residential video camera located at 431 North Church Street captured the incident and the homeowner permitted police to view the video. The footage depicted the victim arriving in the area, exiting her vehicle and retrieving items from the car, then approaching 426 North Church Street. As she approached the location, an individual walking north on Church Street from the 600 block of Gordon Street approached her and started striking her on the head with an object. He went through her pockets before fleeing south on Church Street. The victim provided a physical description

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii) and 35 P.S. § 780-113(a)(16), respectively.

of the individual, but officers were unable to locate him at that time.

The Little John's receipt showed that the order was placed by "Jose" using a cell phone at 9:33 p.m. A search for the phone number utilized by "Jose" revealed a transaction on November 4, 2019 by a male named Joseph Asa Velez [(Appellant)] at which time he sold video game equipment to The Video Game Store on West Hamilton Street in Allentown. Police also learned that Appellant made a purchase from a local pawn shop using the same phone number that was used in the armed robberies.

On May 1, 2020, officers with the Allentown Police Department responded to 117 North Law Street, Allentown, Lehigh County, Pennsylvania for a report of an armed robbery. The victim, a pizza deliverer for Domino's Pizza, told officers that a male wearing a gray hooded sweatshirt and a medical mask approached him brandishing a handgun. He demanded the victim's personal items and the food he was delivering. The perpetrator fled on foot with the victim's wallet, cell phone, and the pizza. An officer called the phone number that was used to place the pizza order but the individual who answered neither identified himself nor provided his location.

On May 18, 2020, a detective obtained phone records indicating that the person who called in the food order was Appellant. Appellant matched the description of the suspect seen on several security cameras in the area on May 1, 2020.

On May 19, 2020, at approximately 3:38 p.m., Allentown Police Department officers were patrolling in the area of Eighth and Chestnut Streets in Allentown when they observed Appellant on the porch stairs of 112 North Eighth Street. One of the officers was familiar with Appellant and knew that he had an active warrant. The officer also knew Appellant was a suspect in several armed robberies. The officers circled back and positively identified him. Appellant was arrested. A search incident to arrest revealed a small bag of vegetable material in Appellant's left front pocket. Officers also located a small baggie containing white powder in his wallet. A box cutter and pepper spray were also

- 3 -

located on Appellant's person.  Field tests on the substances in the baggies yielded positive results for marijuana and cocaine, respectively.

During an interview, Appellant admitted to having the phone number associated with the three robberies.  He also admitted that he committed the robbery of the Domino's delivery-person on November 9, 2019 and the robbery of the Little John's delivery-person on November 18, 2019.

(Trial Court Opinion, 8/30/21, 1-4).

Appellant entered a negotiated guilty plea on June 17, 2021, to three counts of robbery at docket 3579-2020, and one count of possession of a controlled substance at docket 3580-2020.  Pursuant to the terms of the plea agreement, the parties agreed to concurrent sentences for the first and third robbery counts, and that the court would not exceed five years as the minimum period of incarceration.  There was no agreement with respect to whether the court would impose its sentence for the second robbery count consecutively or concurrently.  With respect to the charge for possession of a controlled substance, the parties agreed that the sentence had a three-year maximum and that the court would impose it concurrently to docket 3579-2020.  (N.T. Plea Hearing, 6/17/21, at 2-5).

On July 16, 2021, after reviewing a pre-sentence investigation ("PSI") report, and the sentencing guidelines, the court imposed concurrent sentences at docket 3579-2020 of four to ten years of incarceration for counts 1 and 3, and a consecutive five to ten years' imprisonment for count 2.  At docket 3580-2020, the court imposed a sentence of six to twelve months'

imprisonment, concurrent to count 1 on docket 3579-2020. The sentence imposed was in accordance with the terms of the plea agreement.

Appellant filed timely notices of appeal on July 29, 2021, at each underlying docket. On August 2, 2021, the court directed Appellant to file concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely filed his concise statements on August 16, 2021. On August 30, 2021, this Court consolidated the appeals *sua sponte*.

As a preliminary matter, counsel seeks to withdraw representation under ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009). ***Anders*** and ***Santiago*** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also***

- 5 -

*Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor [*Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> *    *    *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361.

Instantly, appellate counsel has filed a petition to withdraw. The petition states counsel conducted a thorough and conscientious review of the record and determined the appeal is wholly frivolous and without merit. (Petition to

- 6 -

Withdraw as Counsel, 10/12/21, at 1). Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed on appeal *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. (**Id.** at 2).

In the **Anders** brief, counsel provides a summary of the history of this case. Counsel's argument refers to relevant law that might possibly support Appellant's issues. Counsel further states the reasons for counsel's conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly-retained private counsel. Counsel raises the following issue on Appellant's behalf:

> Whether the [trial] court abused its discretion by imposing sentences which were manifestly unreasonable based upon the factors reviewed by the court and that the court failed to properly and fully consider all relevant factors regarding [Appellant]?

(**Anders** Brief at 5) (some punctuation omitted).

Appellant argues that the court did not properly consider the sentencing factors when it imposed Appellant's sentence. Appellant asserts the court imposed a sentence based on the seriousness of the offense, without considering mitigating factors of Appellant's youth or his need for drug-related treatment, or his remorse and acceptance of responsibility. Appellant concludes the court abused its sentencing discretion in this case, and we must vacate and remand for resentencing. We disagree.

Preliminarily, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

Instantly, Appellant did not challenge the discretionary aspects of his sentence at the time of sentencing and filed no post-sentence motions. Therefore, Appellant's issue is waived. *See Mann, supra*. *See also Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa.Super. 2016) (determining defendant waived discretionary aspects of sentencing claim by not preserving

issue at sentencing or in post-sentence motion; waived issue is frivolous in context of *Anders* brief).

Moreover, even if Appellant had preserved a discretionary aspects challenge, it would not merit relief.[2] Our standard of review of a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super. 1999) (*en banc*)). "Where [PSI] reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988).

A [PSI] report constitutes the record and speaks for itself.

---

[2] We note that even if Appellant had preserved his sentencing challenge, he would be limited to challenging only those aspects of the court's sentence that were not part of the negotiated plea agreement. *See Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa.Super. 1994), *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995) (stating: "[W]e will allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process").

In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that [sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Id.* at 102, 546 A.2d at 18. *See also Commonwealth v. Tirado*, 870 A.2d 362 (Pa.Super. 2005) (explaining if sentencing court has benefit of PSI report, then law presumes court was aware of relevant information regarding appellant's character and mitigating factors).

Here, the sentencing court had the benefit of a PSI report. (N.T. Sentencing, 7/16/21, at 3). Thus, we can presume the court considered the relevant information and mitigating factors. *See Devers, supra*; *Tirado, supra*. Further, the court explained that prior to imposing sentence, it had reviewed the PSI report and reviewed the sentencing guidelines with counsel. The court then imposed a sentence that complied with the terms of Appellant's plea agreement and constituted a standard range sentence. The court explained that it factored in Appellant's age, prior trauma, and substance abuse issues when it fashioned the sentence. The court also discussed Appellant's work and educational history and advised him to use his time to obtain his GED and learn some employment skills.

Based upon the foregoing, Appellant is not entitled to relief on a challenge to the discretionary aspects of sentencing. *See Hyland, supra*.

Following our independent review of the record, we agree the appeal is frivolous. **See *Dempster, supra*; *Palm, supra***. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2022